IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 09-00404 SOM |
| --- | --- | --- |
| | ) | CIV. NO. 15-00015 SOM-BMK |
| Plaintiff, | ) | |
| | ) | ORDER TO SHOW CAUSE WHY |
| vs. | ) | PETITIONER LINDA LEE'S MOTION |
| | ) | UNDER 28 U.S.C. § 2255 SHOULD |
| LINDA LEE, | ) | NOT BE DISMISSED AS UNTIMELY |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER TO SHOW CAUSE WHY
PETITIONER LINDA LEE'S MOTION UNDER
28 U.S.C. § 2255 SHOULD NOT BE DISMISSED AS UNTIMELY

On April 7, 2015, Petitioner Linda Lee filed a motion seeking relief under 28 U.S.C. § 2255. Her motion included a statement that she had placed the motion in the prison mailing system on March 31, 2015. This court now orders Lee to file a memorandum of no more than 5 double-spaced pages (or alternatively 1500 words) discussing why the court should not dismiss her motion as untimely.

Lee pled guilty with a plea agreement to two counts of aiding and abetting the possession with intent to distribute and the distribution of 50 grams or more of methamphetamine. See ECF No. 90. The plea agreement included the following provision:

> 10. The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). However, in exchange for the concessions made by the prosecution in this Agreement, Defendant knowingly and voluntarily waives the right to appeal her conviction and any sentence within the maximum provided in the statute of conviction

or the manner in which that sentence was determined on any grounds whatsoever, including any order of restitution, and the manner in which that sentence was determined.

  a. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, subject only to the exception that the Defendant may make such a challenge based on a claim of ineffective assistance of counsel.

  b. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

Id. Lee was thereafter sentenced to 160 months in prison, followed by 5 years of supervised release. Judgment was entered by the district court on July 5, 2012. No appeal was filed.

Under 28 U.S.C. § 2255(f):

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

 (1) the date on which the judgment of conviction becomes final;

 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court

> and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It does not appear from the petition itself that Lee meets the one-year deadline. At most, Lee says, "I was assigned an app[ellate] lawyer by this court, he mislead me by saying I was not allowed to file an appeal pursuant to my plea agreement. I just discovered that per a Supreme Court ruling it is unconstitutional to make a defendant sign away her right to an appeal." This statement, without more, does not indicate that Lee meets the one-year deadline. This court therefore directs Lee to file the memorandum described above explaining how she satisfies at least one subpart of 28 U.S.C. § 2255(f), quoted earlier in this order. This memorandum must be placed in the prison mailing system no later than May 11, 2015. If no such memorandum is timely submitted, then the court will dismiss the petition as untimely.

If Lee submits a timely memorandum, the Government may respond to Lee's memorandum no later than June 1, 2015, with a memorandum of no more than 5 double-spaced pages (or alternatively 1500 words). Lee may submit an optional reply memorandum by depositing such document into the prison mailing system no later than June 29, 2015. Lee's optional reply

memorandum may be no longer than 3 double-spaced pages (or alternatively 900 words).

The Government need not respond to the merits of Lee's § 2255 petition until the court has resolved the issue of whether Lee's petition is timely.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 9, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Linda Lee; CR. NO. 09-00404 SOM
ORDER TO SHOW CAUSE WHY PETITIONER LINDA LEE'S MOTION UNDER 28
U.S.C. § 2255 SHOULD NOT BE DISMISSED AS UNTIMELY