IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA LEE, ) | CIV. NO. 16-00068 SOM-KJM |
| ) | CR. NO. 09-00404 SOM |
| Petitioner, ) | |
| ) | ORDER REFERRING TO THE NINTH |
| vs. ) | CIRCUIT DEFENDANT LINDA LEE'S |
| ) | SECOND MOTION UNDER 28 U.S.C. |
| UNITED STATES OF AMERICA, ) | § 2255 TO VACATE, SET ASIDE, |
| ) | OR CORRECT SENTENCE; EXHIBIT A |
| Respondent. ) | |
| _____ ) | |

**ORDER REFERRING TO THE NINTH CIRCUIT DEFENDANT
LINDA LEES'S SECOND MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE; EXHIBIT A**

Relying on Johnson v. United States, 135 S. Ct. 2551 (2015), Defendant Linda Lee has filed with this court a second motion seeking relief under 28 U.S.C. § 2255. See Crim. No. 09-00404 SOM, ECF Nos. 139, 140 (copies attached as Exhibit A). Lee's earlier § 2255 motion was dismissed as untimely. See Crim. No. 09-00404 SOM, ECF No. 127. Lee is proceeding pro se, as the Federal Public Defender, which this court appointed to review cases that might be affected by Johnson, declined to handle Lee's motion.

In Williams v. United States, Crim. No. 11-00937 SOM (D. Haw. May 12, 2016), another case involving a second § 2255 motion based on Johnson, the court referred the matter to the Ninth Circuit for § 2255(h) certification purposes. Id., ECF No. 147. The court held a telephone status conference in the present case on May 16, 2016, to discuss whether to refer this matter to

the Ninth Circuit.  The court had provided the parties with its Williams referral order before the telephone conference.

During the telephone conference, the court discussed Lee's pending second § 2255 motion, noting that briefing in this case (including briefing on whether Ninth Circuit certification was needed) was not yet complete but that the one-year anniversary of the Johnson decision was fast approaching.  The court expressed concern that it lacked jurisdiction to address the merits of Lee's second § 2255 motion.  The parties then agreed that the motion should be referred to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

Lee raised the possibility during the telephone conference that, because her first § 2255 motion was denied as untimely rather than being addressed on the merits, certification for her second § 2255 motion might be unnecessary.  Lee's point echoed a subject addressed in this court's referral order in Williams.  This court explained to Lee that Lee's case did not appear to this court to involve circumstances analogous to the circumstances in cases in which second habeas motions were deemed not to require certification (e.g., when a first § 2254 motion is rejected for failure to exhaust state court remedies, or when a defendant facing the death penalty becomes incompetent after sentencing).  Lee appeared to this court to accept this explanation.  This court, relying on its reasoning in the

Williams order and on the telephone conference in the present case, refers the second § 2255 motion in this case to the Ninth Circuit so that it can address the § 2255(h) certification issue.

In referring this jurisdictional matter to the Ninth Circuit, this court is not, of course, reaching the merits of the § 2255 motion or addressing Lee's status as a "career offender" under the Sentencing Guidelines in light of Johnson.  Nor is the court expressing any opinion as to whether certification is or is not appropriate, although, in a minute order that also raised the certification issue under § 2255(h), see ECF No. 142, this court had questioned whether the "crime of violence" issue in Johnson affected Lee.  Lee's offense of conviction was a drug felony (Crim. No. 09-00404 SOM), and Lee had an earlier drug conviction in this court (Crim. No. 01-00464 SOM), and an earlier drug conviction in Hawaii state court (Case No. Cr. 02-1-1126).  See Presentence Investigation Report, ECF No. 115, PageID #s 352-53.  (A small error in the record has caused a little confusion.  In identifying Lee as a career offender, the PSR noted that Lee also had an escape conviction in Las Vegas, and the PSR mistakenly listed the case number for that escape case (Case No. CR-S-04-026-RLH) as having been the case number for the case involving possession with intent to distribute more than 5 grams of cocaine, the charge at issue in Lee's Hawaii state court case (Case No. Cr. 02-1-1126).  Id., PageID # 349.)

The court directs the Clerk of Court to transmit this order with its attached Exhibit A to the Ninth Circuit.  All pending deadlines are vacated, and the Clerk of Court is further directed to terminate any motion left pending before this court and to close both Criminal No. 09-00404 SOM and Civil No. 16-00068 SOM-KJM.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, May 16, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


Lee v. United States, Crim. No. 09-00404 SOM and Civ. No. 16-00068 SOM/KJM; ORDER REFERRING TO THE NINTH CIRCUIT DEFENDANT LINDA LEE'S SECOND MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; EXHIBIT A